UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                    :
ROGER ALVAREZ, *on behalf of himself and others*                    :
*similarly situated*,                                               :
                                                                    :
                                          Plaintiff,                :         11 Civ. 9107 (PAE)
                         -v-                                        :
                                                                    :         OPINION & ORDER
40 MULBERRY RESTAURANT, INC. *d/b/a Asia Roma*,                     :
ASIA ROMA, INC., PETER CHIN, MEI CHAN, and                          :
DAVID LEE,                                                          :
                                                                    :
                                          Defendants,               :
                                                                    :
------------------------------------------------------------------------X


PAUL A. ENGELMAYER, District Judge:

        Plaintiff Roger Alvarez ("Alvarez") brings suit against his purported former employers,

defendants 40 Mulberry Restaurant, Inc., Asia Roma, Inc., Peter Chin, Mei Chan, and David

Lee, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New

York Labor Law, asserting claims for unpaid overtime and unpaid spread of hours wages.  All

five defendants were served with the complaint, but only defendants 40 Mulberry Restaurant,

Inc. ("40 Mulberry") and Peter Chin ("Chin") have answered the complaint and appeared in this

lawsuit.  For the purposes of this Opinion and Order, the Court will refer to 40 Mulberry and

Chin as "defendants."  Defendants move for partial summary judgment, claiming that they never

employed Alvarez, that they are not successors in interest to any entity or person that did, and

that, in any event, they are not suable under the FLSA.  For the following reasons, defendants'

motion is denied.

## I.       Background and Undisputed Facts[1]

Alvarez was employed, until July 2010, as a dishwasher at a restaurant named "Asia Roma," located at 40 Mulberry Street in lower Manhattan.  Defs.' 56.1 ¶ 9; Pl.'s 56.1 ¶ 9. Defendant Asia Roma, Inc., which has not appeared in this action, owned and operated that restaurant.  Defs.' 56.1 ¶ 3; Pl.'s 56.1 ¶ 3.  Defendant Mei Chan, who has also not appeared in this action, held an ownership interest in Asia Roma, Inc., and operated Asia Roma restaurant. Pl.'s 56.1 ¶ 3.

Defendant 40 Mulberry now operates a restaurant, called "AR Restaurant," on the 40 Mulberry Street premises where the "Asia Roma" restaurant once operated.  Defs.' 56.1 ¶ 1; Pl.'s 56.1 ¶ 1.  Defendant Peter Chin is the owner and a member of 40 Mulberry, which operates AR Restaurant.  Chin Aff. ¶ 1.

40 Mulberry was incorporated in January 2010, Defs.' 56.1 ¶ 4; Pl.'s 56.1 ¶ 4, and took possession of the 40 Mulberry Street premises in or about August 1, 2010, Defs.' 56.1 ¶ 5; Pl.'s 56.1 ¶ 5, but its 2010 tax return reflects that the corporation did no business during that calendar year.  Defs.' 56.1 ¶ 6; Pl.'s 56.1 ¶ 6.  AR Restaurant opened for business in or about January 2011.  Defs.' 56.1 ¶ 7; Pl.'s 56.1 ¶ 7.

On the record before the Court, the relationship between the current AR Restaurant and the former Asia Roma restaurant is murky.  Chin, the owner of 40 Mulberry and operator of the current AR Restaurant, worked for Mei Chan, an owner of Asia Roma, Inc. and operator of Asia

---

[1] The Court's account of the underlying facts of this case is drawn from the parties' Local Rule 56.1 statements ("Defs.' 56.1" and "Pl.'s 56.1") (Dkt. 20 & 22, respectively), and from the parties' submissions on the instant motion, including the Affidavit of Peter Chin in Support of Defendants' Motion for Summary Judgment ("Chin Aff.") (Dkt. 19) with attached exhibits; the Declaration of Anne Seelig in Opposition to Defendants' Motion for Summary Judgment ("Seelig Decl.") (Dkt. 23) with attached exhibits, including the deposition of Peter Chin ("Chin Dep.") (Dkt. 23-1) and the Affidavit of Adrienne Jang ("Jang Aff.") (Dkt. 23-2); and the Reply Affidavit of Peter Chin ("Chin Reply Aff.") (Dkt. 25).

Roma restaurant, as a carpenter, electrician, and plumber at Asia Roma.  Chin Dep. 12.  The kitchen equipment at the current AR Restaurant is the same equipment that was present at the former Asia Roma, Chin Dep. 31–32, although Chin claims that this is because the landlord who owns the building includes kitchen equipment with the lease.  Chin Reply Aff. ¶ 3.  The current AR Restaurant and the former Asia Roma also share numerous employees, including the head chef and several servers.  Chin Dep. 27.  AR Restaurant and Asia Roma have the exact same menu.  Chin Dep. 26.  Chin states that Mei Chan, the owner of the former Asia Roma restaurant, is not formally affiliated with AR Restaurant, Chin Aff. ¶¶ 11, 13, but concedes that she is a "frequent patron and loyal customer" who, "on occasion, will lend a helping hand."  Chin Reply Aff. ¶ 4.  However, Adrienne Jang, a paralegal for plaintiff's counsel's law firm, had lunch at AR Restaurant in February 2012, and was told by her server that the manager was a woman named "Mei" or "Mae."  Jang Aff. ¶¶ 2–3.  Additionally, the Facebook page for the current AR Restaurant, although displaying a logo which says "AR," contains a large title holding itself out as "Asia Roma."  Seelig Decl. Ex. F.  The website of the current AR Restaurant is "www.asiaroma.com" and displays a "© 2011," notwithstanding the fact that Asia Roma, Inc. is purported to have ceased operations in 2010.  Seelig Decl. Ex. E.

As for AR Restaurant's amenability to suit under the FLSA, Chin asserts that the restaurant has never met the statutory threshold of $500,000 in gross annual sales, Chin Aff. ¶ 19; Chin Reply Aff. ¶ 7, does not do business outside New York, and purchases restaurant supplies from New York vendors, *id.* at ¶¶ 17, 18, 20.  Alvarez disputes the assertion that AR Restaurant does not do $500,000 or more in business, noting that 40 Mulberry produced in discovery its 2010 tax return detailing that it did no business during that year, but has not produced the best evidence as to its sales—its 2011 tax return.  However, Alvarez, for his part,

[3]

has not adduced any evidence tending to show that AR Restaurant did $500,000 or more of sales during 2011.

## II.    Procedural History

On December 13, 2011, Alvarez filed this lawsuit.  Dkt. 1.  On April 25, 2012, counsel for Alvarez and for defendants 40 Mulberry and Chin appeared for a pretrial conference, at which the appearing defendants took the position that they were not properly in the case, because: (1) they had not employed Alvarez and were not successors in interest to Alvarez's actual employer, Asia Roma; and (2) 40 Mulberry and Chin are not covered by the FLSA because AR Restaurant did not have sufficient annual sales to fall within the ambit of the statute. To resolve these threshold issues, the Court set an expedited schedule for limited discovery and a motion for partial summary judgment limited to these two issues.  Dkt. 8.

On April 30, 2012, Alvarez filed an amended complaint.  Dkt. 12.

On June 8, 2012, defendants 40 Mulberry and Chin filed the instant motion.  Dkt. 17–20.

On July 23, 2012, Alvarez submitted an opposition.  Dkt. 22–24.

On July 30, 2012, defendants filed a reply.  Dkt. 25–26.

In support of their motion, 40 Mulberry and Chin argue that: (1) they are not successors in interest to Asia Roma, Mei Chan, or David Lee, because they did not acquire the business from its prior owners and there is no overlap in ownership or management; and (2) the FLSA is inapplicable here, because AR Restaurant does not have sufficient annual sales to qualify as an "enterprise engaged in commerce," *see* 29 U.S.C. § 203(s)(l)(A)(i)–(ii), and because Alvarez's position as a dishwasher does not afford him individual coverage under the FLSA.[2]

---

[2] Whether the FLSA applies here clearly turns on whether the restaurant satisfies the statutory threshold as to annual sales.  Defendants are correct that a dishwasher is not inherently "engaged in commerce" under the FLSA, as numerous cases within this circuit involving analogous

In opposition, Alvarez argues that he has raised a genuine dispute of material fact as to whether AR Restaurant is a successor in interest to Asia Roma.  Alvarez also contends that the FLSA does apply.  Even if it does not, he notes, his claims under the New York Labor Law survive, and he asks the Court to exercise supplemental jurisdiction over those claims if the FLSA claims are dismissed.

### III.   Applicable Legal Standard

Summary judgment may be granted only where the submissions, taken together, "show [] that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant bears the burden of demonstrating the absence of a material factual question; in making this determination, the court must view all facts "in the light most favorable" to the non-movant.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see also Holcomb v. Iona Coll.*, 521 F.3d 130, 132 (2d Cir. 2008).  "A party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," because "conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist."  *Hicks v. Baines*, 593 F.3d 159, 166 (2d Cir. 2010) (citation omitted).  Only disputes over "facts that might affect the outcome of the suit under the governing law" will preclude a grant of summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### IV.   Discussion

As noted above, defendants 40 Mulberry and Chin argue that they are not successors in interest to defendants Asia Roma, Mei Chan, and David Lee, and that, in any event, because AR

---

positions at local eateries have held.  *See Li v. Cheng*, No. 10-cv-4664, 2012 U.S. Dist. LEXIS 40151, at *7–8 (E.D.N.Y. Mar. 23, 2012); *Xelo v. Rock n' Roll Bagels*, No. 08-cv-3665, 2005 U.S. Dist. LEXIS 21588, at *13–14 (E.D.N.Y. Sept. 28, 2005); *Lamont v. Frank Soup Bowl*, No. 99-cv-12482, 2011 U.S. Dist. LEXIS 6289, at *6–7 (S.D.N.Y. May 16, 2001).

Restaurant does not gross $500,000 or more in sales, Alvarez is not a "covered" employee for purposes of the FLSA. The Court addresses defendants' second argument first.

A.    **Can 40 Mulberry and Chin Be Sued Under the FLSA?**

Defendants 40 Mulberry and Chin claim that, because it has not been established that AR Restaurant has ever grossed $500,000 or more in annual sales, Alvarez's FLSA claim must be dismissed. That is incorrect.

The FLSA covers only those workers employed by an "enterprise" that is "engaged in commerce." 29 U.S.C. § 207. "An entity constitutes an enterprise where 'the related activities performed (either through unified operation or common control) by any person or persons [are] for a common business purpose.'" *Rodriguez v. Almighty Cleaning*, 784 F. Supp. 2d 114, 121 (E.D.N.Y. 2011) (quoting 29 U.S.C. § 203(r)). An enterprise is "engaged in commerce or in the production of goods for commerce" if, *inter alia*, it: (1) "has employees engaged in commerce or in the production of goods for commerce;" or "has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person;" *and* (2) its "annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated)." 29 U.S.C. § 203(s)(l)(A)(i)–(ii).

Defendants argue that, because the summary judgment record would not permit a fact finder to conclude that AR Restaurant has ever grossed $500,000 or more in annual sales, Alvarez cannot sue 40 Mulberry and Chin under the FLSA. But that does not logically follow. It is correct that, on the record before the Court, AR Restaurant's financial condition would prevent an employee from suing under the FLSA based on work done at AR Restaurant. But Alvarez is not seeking to impose liability on 40 Mulberry and Chin based on AR Restaurant's

activities.  Instead, he is claiming that, during his employment at the former Asia Roma, which ended in July 2010,[3] the former Asia Roma (1) had $500,000 or more in annual sales; and (2) violated the FLSA's substantive obligations as to overtime and other pay.  He further alleges that defendants 40 Mulberry and Chin are responsible for those violations as successors in interest. Assuming *arguendo* that Asia Roma had $500,000 in annual revenues required by the FLSA in, say, 2009, the fact that AR Restaurant has not had such revenues would not shield defendants, if properly held to be responsible for Asia Roma's conduct, from liability for FLSA violations during 2009.  The financial condition of AR Restaurant is thus not determinative.  The relevant question is, instead, whether Asia Roma was a qualifying "enterprise engaged in commerce" when it employed Alvarez, and whether 40 Mulberry and Chin are answerable for Asia Roma's liabilities.

It does not appear that the parties have focused their discovery efforts on the critical question of whether Asia Roma had the requisite sales during Alvarez's employment.[4]  However, this question is potentially dispositive, and the Court believes it must be addressed promptly.

The Court, accordingly, grants the parties one month to conduct further discovery—by means including, but not limited to, subpoenas to Asia Roma, Chan, Lee, or any other relevant party, person, or entity—on the question of whether Asia Roma constituted an "enterprise

---

[3] Alvarez states, in his amended complaint, that he began working at Asia Roma in or about August 2004.  *See* Dkt. 12 ¶ 16.  However, the summary judgment record, as presented to the Court, is devoid of evidence as to this point.

[4] The non-appearance of defendants Asia Roma, Chan, and Lee has, no doubt, compromised the parties' ability to adduce evidence of Asia Roma's sales during Alvarez's employment, and perhaps led the parties to focus instead on the wrong question, relating to AR Restaurant's sales.

[7]

engaged in commerce" during the period of Alvarez's employment.[5]  After the close of

discovery, the Court will afford the defendants two weeks to move for summary judgment on the

issue of whether Asia Roma was an "enterprise engaged in commerce" during the years it

employed Alvarez.  If summary judgment is granted for the defendants on that ground, such that

Alvarez's FLSA claims cannot go forward, the Court expects to dismiss, without prejudice, his

state law claims.  If, on the other hand, the FLSA sales threshold is met by competent evidence

for all or some of these years, discovery may then go forward on the remaining issues in the case.

### B.   Are 40 Mulberry and Chin Successors in Interest to Asia Roma, Chan, and Lee?

Defendants separately argue that summary judgment is merited in their favor, because the

evidence necessarily shows they are not the successors in interest to the former Asia Roma

restaurant, and its alleged principals Chan and Lee.  Alvarez disputes this assertion.  The Court

holds that, on the evidence adduced during limited discovery, a reasonable juror could conclude

that 40 Mulberry and Chin are successors in interest to Asia Roma, Chan, and Lee.

"The Second Circuit has not delineated what the proper test for successor liability should

be in the FLSA context."  *Battino v. Cornelia Fifth Ave., LLC*, No. 09-cv-4113, 2012 U.S. Dist.

LEXIS 72851, at *27 (S.D.N.Y. May 24, 2012) (Oetken, J.); *see also Medina v. Unlimited Sys.,

LLC*, 760 F. Supp. 2d 263, 266 (D. Conn. 2010).  Two differing tests have been used:  the

"traditional" common law test, and the "substantial continuity" test used in the labor and

employment context.  *See Battino*, 2012 U.S. Dist. LEXIS 72851, at *27.

---

[5] The Court directs Alvarez to supply an affidavit to the defense, within one week of this Opinion
and Order, setting out the dates of his employment at Asia Roma.  The years during which
Alvarez worked at that restaurant are the ones as to which the 29 U.S.C. § 203(s)(l)(A)(i)–(ii)
inquiry as to Asia Roma's sales must be made.

### 1.   The Traditional Common Law Test

"Under both New York law and traditional common law, a corporation that purchases the assets of another corporation is generally not liable for the seller's liabilities." *New York v. Nat'l Serv. Indus., Inc.*, 460 F.3d 201, 209 (2d Cir. 2006) (citations omitted).  There are four exceptions to this rule: (1) where the successor has expressly or impliedly assumed the predecessor's tort liability; (2) where there was a consolidation or merger of seller and purchaser; (3) where the purchasing corporation was a mere continuation of the selling corporation; and (4) where the transaction was entered into fraudulently to escape such obligations.  *Id.* (additional citations omitted).  The "de facto merger" and "mere continuation" exceptions are "so similar that they may be considered a single exception."  *Cargo Partner AG v. Albatrans, Inc.*, 352 F.3d 41, 45 n.3 (2d Cir. 2003).  When analyzing a claim that a successor is a "mere continuation," the Court considers the following factors:

> (1) continuity of ownership; (2) cessation of ordinary business and dissolution of the acquired corporation as soon as possible; (3) assumption by the purchaser of the liabilities ordinarily necessary for the uninterrupted continuation of the business of the acquired corporation; and (4) continuity of management, personnel, physical location, assets, and general business operation.

*Nat'l Serv. Indus.*, 460 F.3d at 209.  "'[C]ontinuity of ownership is the essence of a merger,' and therefore the exception cannot apply in its absence."  *Douglas v. Stamco*, 363 F. App'x 100, 102 (2d Cir. 2010) (quoting *Nat'l Serv. Indus.*, 460 F.3d at 211).

### 2.   The Substantial Continuity Test

By contrast, other courts have used the "substantial continuity" test to determine successors' liability in the arena of federal labor and employment law.  *See, e.g.*, *Fall River Dyeing & Finishing Corp. v. NLRB*, 482 U.S. 27, 43 (1987).

Courts applying this test typically look at the nine factors enunciated by the Sixth Circuit in the Title VII discrimination context in *EEOC v. MacMillan Bloedel Containers, Inc.*, 503 F.2d 1086, 1094 (6th Cir. 1974):

(1) whether the successor company had notice of the charge or pending lawsuit prior to acquiring the business or assets of the predecessor; (2) the ability of the predecessor to provide relief; (3) whether there has been a substantial continuity of business operations; (4) whether the new employer uses the same plant; (5) whether he uses the same or substantially the same work force; (6) whether he uses the same or substantially the same supervisory personnel; (7) whether the same jobs exist under substantially the same working conditions; (8) whether he uses the same machinery, equipment, and methods of production; and (9) whether he produces the same product.

*Battino*, 2012 U.S. Dist. LEXIS 72851, at *37–38. "'No one factor is controlling, and it is not necessary that each factor be met to find successor liability.'" *Id.* at *38 (quoting *EEOC v. Barney Skanska Const. Co.*, No. 99-cv-2001, 2000 U.S. Dist. LEXIS 15713, at *7 (S.D.N.Y. Oct. 27, 2000)).

### 3.   Under Either Test, Defendants' Motion Fails

As noted, the Second Circuit has not resolved whether the "traditional" common law test, or the "substantial continuity" test is appropriate in the FLSA context. A number of courts have applied the former. *See, e.g.*, *Vasquez v. Ranieri Cheese Corp.*, No. 07-cv-464, 2010 U.S. Dist. LEXIS 29431 (E.D.N.Y. Mar. 26, 2010); *Kaur v. Royal Arcadia Palace, Inc.*, 643 F. Supp. 2d 276 (E.D.N.Y. 2007). Others have applied the latter—within this circuit, *see, e.g.*, *Battino*, 2012 U.S. Dist. LEXIS 72851; *Wong v. Hunda Glass Corp.*, No. 09-cv-4402, 2010 U.S. Dist. LEXIS 62653 (S.D.N.Y. June 23, 2010), and elsewhere, *see, e.g.*, *Steinbach v. Hubbard*, 51 F.3d 843, 845–46 (9th Cir. 1995); *Chao v. Concrete Mgt. Resources, L.L.C.*, No. 08-2501-JWL, 2009 U.S. Dist. LEXIS 18619 (D. Kan. Mar. 5, 2009); *Brock v. LaGrange Equip. Co.*, No. CV 86-0-170, 1987 U.S. Dist. LEXIS 14532 (D. Neb. July 14, 1987). In this case, the Court need not choose

[10]

between these two tests, because, under either test, there are disputed issues of fact, which, if resolved in plaintiff's favor, could support a finding of successor liability.

With respect, first, to the traditional common law test, substantial evidence exists that would support a finding that AR Restaurant is "a mere continuation" of Asia Roma. In particular, as chronicled above, Asia Roma and AR Restaurant share a host of characteristics, including physical space, equipment, personnel, menu, trade name, website, and Facebook page. There is, moreover, record evidence showing that Chin spent time at Asia Roma, and knew Chan, before Asia Roma "closed"; there is also evidence that Chan spends time in the present AR Restaurant, perhaps in a supervisory capacity. On the other hand, on the summary judgment record, there is no documentary proof that Chin, the owner of 40 Mulberry, had an ownership stake in Asia Roma, or that Chan, the ostensible owner of Asia Roma, holds an interest in 40 Mulberry; or that 40 Mulberry expressly assumed Asia Roma's liabilities.[6] A reasonable juror could find in either party's favor on the evidence at hand.

Similarly, a reasonable jury could find that AR Restaurant is a successor in interest to Asia Roma under the "substantial continuity" test. As noted, AR Restaurant: (1) uses the same location as Asia Roma; (2) employs many of the same personnel; (3) uses the same kitchen equipment as Asia Roma; (4) offers the same menu as Asia Roma, with food prepared by the same cook; (5) uses a Facebook page holding itself out as "Asia Roma" and owns the website "www.asiaroma.com"; and (6) may employ non-appearing defendant Mei Chan as a floor

---

[6] It is not clear to the Court whether, or to what extent, Alvarez has attempted to obtain discovery on this point from the non-appearing defendants (Asia Roma, Chan, or Lee). Assuming the statutory revenue threshold is met and discovery on other issues moves forward, Alvarez is at liberty to pursue such discovery. Such discovery may fortify—or undermine—Alvarez's claim of successor liability.

manager. These facts suffice to create a triable issue. The motion by defendants 40 Mulberry and Chin is, therefore, denied.

### C.    Default Judgment as to Non-Appearing Defendants

The Court notes that defendants Asia Roma, Chan, and Lee have not appeared despite having been served. *See* Dkt. 3, 13, 14. The Court will entertain an application for a default judgment by Alvarez, consistent with this Court's Individual Rules and Practices. If Alvarez is to seek a default, the Court directs that he submit such an application by October 15, 2012.

### CONCLUSION

For the foregoing reasons, the motion for partial summary judgment in favor of defendants 40 Mulberry Restaurant, Inc. and Peter Chin is DENIED. The Clerk of Court is directed to terminate the motion at docket number 17.

The parties are afforded until November 5, 2012, to conduct further discovery on the question of whether Asia Roma was an "enterprise engaged in commerce" during the period of Alvarez's employment. If, after additional discovery, defendants 40 Mulberry and Chin wish to move again for summary judgment, their motion is due by November 19, 2012. Alvarez's opposition is due by December 3, 2012, and defendants' reply by December 10, 2012.

Any application for a default judgment against the non-appearing defendants must be submitted by October 15, 2012.

SO ORDERED.

Paul A. Engelmayer
Paul A. Engelmayer
United States District Judge

Dated: October 3, 2012
       New York, New York

[12]